Inhabitants of Orono *v.* Wedgewood.

INHABITANTS OF ORONO *versus* JOHN G. WEDGEWOOD AND ALS.

By pleading the general issue the corporate existence of a corporation is admitted, and cannot afterward be contested.

Defects in a warrant or tax list may be a good reason for not executing the warrant, but a collector having collected money without objection by the tax payers, is liable to account therefor, and his sureties cannot excuse themselves from paying the money collected by the principal in the bond wherein they have bound themselves that he " shall well and faithfully perform all the duties of his office."

REPORTED by APPLETON, J.

This action is upon a bond given by a collector of taxes for the faithful discharge of the duties of his office.

ARGUED by *S. H. Blake* and *W. C. Crosby,* for the plaintiffs.

*J. S. Rowe* and *N. Wilson* for the defendants.

APPLETON, J. By pleading the general issue, the defendants admit the corporate existence of the plaintiff, and are not afterwards permitted to contest it.

This action is upon a collector's bond, the condition of which is "that whereas said John G. Wedgewood has been chosen a collector of taxes for said town for the year 1855; now if said John G. Wedgewood shall well and faithfully perform all the duties of his said office, then this obligation to be void," &c. In *Ford* v. *Clough*, 8 Greenl. R., 335, the bond was conditioned to "faithfully discharge his duty as collector," &c. It was there held that the sureties could not, in an action on the bond for not paying over moneys collected, controvert the legality of the meeting at which he was chosen, nor the legality of the assessment of taxes antecedent to their commitment to him; nor any act of the town for which they would not be liable in consequence of their suretyship. In *Johnson* v. *Goodrich*, 15 Maine R., 29, it was decided that a collector of taxes who has given bond, is bound to pay over money voluntarily paid to him by the inhabitants, although he has received no collector's warrant, and the tax bills are imperfect and illegal. In *Kellar* v. *Savage*, 20 Maine R., 199, it was held that a collector of taxes, having acted in that capacity and given bond, was estopped to deny the legality of his election—and that in a suit on the bond, it was no defence that the assessment and the warrant accompanying the same had not been signed by the assessors. *Kellar* v. *Savage*, 17 Maine R., 445. In *Sandwich* v. *Fish*, 2 Gray R., 298, SHAW, C. J., says, "Defects in the warrant or tax list might be a good excuse for not executing the warrant. But to say that a collector, who has collected the money without objection by the tax payers, is not liable to account therefor, would be as contrary to the rules of law as to justice." No reason is perceived why the defendants should not be held to account for the moneys collected by the principal in the bond.

The evidence satisfactorily shows that a deduction should be made from the amount found due by the auditor, of the

sums of one hundred and twenty-five dollars, which was passed to the credit of the collector in the wrong year, and for twenty-three dollars and seven cents, which appears to have been collected on the warrant of the treasurer, against the collector, by the sale of his property. The sureties should not suffer from a mistake of the treasurer in passing the credit to a wrong account.

*Defendants defaulted.*